MERRITT, Circuit Judge,
concurring in part.
Saeed-Watara’s case can be disposed of based on the fact that his Alleyne argument fails. Even if he was permitted to raise his Alleyne challenge in his 18 U.S.C. § 3582(c)(2) proceeding, Saeed-Watara would still lose because the jury instructions unmistakably required the jury to find beyond a reasonable doubt that he committed a crime involving “1 kilogram or more of a mixture or substance containing a detectable amount of heroin,” 21 U.S.C. § 841(b)(1)(A)®. Thus, it is not necessary for us to consider whether his Alleyne argument was properly raised in the context of his 18 U.S.C. § 3582(c)(2) proceeding.
*487 Moreover, if Saeed-Watara had a valid Alleyne argument—that is, if the fact triggering his statutory minimum was not found by a jury beyond a reasonable doubt—I doubt that Dillon would prevent him from objecting at his resentencing to the imposition of a statutory minimum that was not implicated and imposed at his original sentencing. I would affirm the district court’s judgment based only on the fact that Saeed-Watara’s Alleyne argument fails, and I join Judge McKeague’s opinion except to the extent that it holds that Saeed-Watara could not raise his Al-leyne' challenge in his 18 U.S.C. § 3582(c)(2) proceeding.